IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA AIRES V. TABULA,<br><br>　　　　　Plaintiff(s),<br>　v.<br>WASHINGTON MUTUAL BANK, et. al.,<br><br>　　　　　Defendant(s). | CASE NO. 5:CV 10-05819-EJD<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS; REMANDING ACTION TO STATE COURT**<br><br>[Docket Item No(s). 37, 41] |

Presently before the court are two motions to dismiss: one brought by Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Company (see Docket Item No. 37), and one brought by Defendants Equity Capital Real Estate and Maureen Connor (see Docket Item No. 41). Plaintiff Maria Aries V. Tabula ("Tabula") filed untimely written oppositions on October 19, 2011. (See Docket Item Nos. 52, 53).[1] As it currently stands, this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Having reviewed both matters, the court finds them appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for October 28, 2011, is VACATED. Pursuant to the discussion which follows, the court will grant the motion to dismiss the federal claims without leave to amend, and this case will be remanded to state court for further proceedings.

---

[1] The court has considered the oppositions as it finds no prejudice to defendants in doing so.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Tabula obtained a mortgage loan from Washington Mutual Bank ("WAMU") in April, 2006, which was secured by her property in San Jose, California. See First Amended Complaint ("FAC"), at ¶ 2. After WAMU was acquired by JPMorgan, Tabula initiated an action concerning the loan in the Superior Court for the County of Santa Clara. It was removed to this court on December 21, 2010, and dismissed with leave to amend on April 5, 2011. In the dismissal order, the court directed Tabula to "address the deficiencies" noted in the defendants' prior motion. See Docket Item No. 29.

Tabula filed the FAC on May 4, 2011. See Docket Item No. 31. Of the 24 claims asserted, only two arise under federal law: a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (Claim 5), and a violation of Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Claim 6). The remaining claims assert violations of state law. Defendants now move to dismiss the FAC.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, "material which is properly submitted as part of the complaint may be considered." Id.

The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). Even so, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1 liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide
2 the framework of a complaint, they must be supported by factual allegations." Id. at 1950. A
3 complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough
4 to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

If dismissal is granted, leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

### III. DISCUSSION

#### A. TILA

Tabula alleges, as she did in the prior version of her complaint, that Defendants violated TILA "by failing to provide [her] with accurate material disclosures" as it requires. See FAC, at ¶¶ 66, 72. Her request for damages and recission of the loan under TILA remain the same.

And as with the prior complaint, the allegations raise the timeliness of this claim as an issue. Under TILA, a claim for damages must be brought within one year from the date of the signing of the loan documents. 15 U.S.C. § 1640(e); Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003). A claim for recission must be brought within three years of the same date. 15 U.S.C. § 1635(f).

Tabula alleges her loan closed on April 19, 2006. From this date, a timely claim for damages under TILA should have been filed by April 19, 2007, and a timely claim for recission should have been filed by April 19, 2009. Tabula did not commence this action until October 28, 2010. Accordingly, the request for recission under TILA is absolutely barred since that claim cannot be equitably tolled. See Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) ("The Act provides, however, that the borrower's right of rescission 'shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first,' even if the required disclosures have never been made."). The request for damages, however, is presumptively

barred absent allegations that support an equitable exception.

In the expanded FAC, Tabula now claims she was "never given the tools necessary to take the care needed to discover the TILA violations contained in the loan documents" because she was never given "a complete loan package." See FAC, at ¶ 71. She further alleges the loan representative "was more concerned with getting [her] in and out" in order to earn a commission, and that her "low level" of fluency in English prevented her from understanding the deficiencies. Id. These allegations, however, are still insufficient. "Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" O'Donnell v. Vencor, Inc., 465 F. 3d 1063, 1068 (9th Cir. 2006) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Tabula has not alleged that any of the defendants prevented her from either discovering the shortcomings in her loan paperwork or taking legal action. The allegation that she did not receive "a complete loan package" and was never "given the tool necessary to take the care needed to discovery TILA violations" does not itself establish defendants' culpability under the equitable tolling doctrine. Ashton v. JPMorgan Chase Bank, N.A., No. 2:11-cv-06275-JHN-AJWx, 2011 WL 4352526, 2011 U.S. Dist. LEXIS 105502, at *6 (C.D. Cal. Sept. 19, 2011). To the contrary, the allegations demonstrate that it was Tabula's inattention which resulted in the untimely filing of this case since she admits a failure to diligently investigate. See FAC, at ¶ 71 ("Never were Plaintiffs [sic] even given the required documents so that they could conduct their own due diligence to find out what exactly this mortgage would cost and future ramifications."). The deficiencies described are so extreme that any person would have cause to question the loan process implemented here long before Tabula acted.

Moreover, Tabula's allegation of limited ability to communicate or read in English does not form a basis for equitable tolling. See Cervantes v. Countrywide Home Loans, Inc., No. 09-17364, 2011 U.S. App. LEXIS 18569, at *25 (9th Cir. 2011).

The motion to dismiss will be granted as the TILA claim it is still time-barred. Such dismissal will be without leave to amend because the court finds allowing for further amendment

4
CASE NO. 5:10-cv-05819 EJD
ORDER GRANTING IN PART MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

would be futile.

**B.  RESPA**

Tabula's alleges violations of RESPA in that Washington Mutual was paid "unearned fees...in the form of a Yield Spread Premium which increased the interest rate...resulting in [Washington Mutual] receiving a windfall of 'buy back fees' over the life of the loan." See FAC, at ¶ 98.

Assuming this claim is cognizable under RESPA, it is time-barred by the statute of limitations. See 12 U.S.C. § 2614; see also Patague v. Wells Fargo Bank, N.A., No. 10-03460, 2010 WL 4695480, 2010 U.S. Dist. LEXIS 124980, at *9-10 (N.D. Cal. Nov. 5, 2010) ("The statute of limitations for a RESPA claim is three years for violations of 12 U.S.C. § 2605 and one year for violations of § 2607 or 2608 'from the date of the occurrence of the violation[.]'").  In this case, the loan transaction took place on April 19, 2006.  This complaint was not filed until October 28, 2010 - over 4 years later.  Therefore, any violation under RESPA must have been filed long ago.

Accordingly, the motion to dismiss the RESPA claim will be granted without leave to amend since, as with the TILA claim, allowing for further amendment would be futile.

**C.  Remaining State Law Claims**

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

"[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." Id. However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

Here, Tabula's sole federal claims arose under TILA and RESPA.  As those have been dismissed with prejudice, only claims based in state law remain.  As such, the Court must decline to exercise supplemental jurisdiction over those remaining claims.  The motion to dismiss filed by

5
CASE NO. 5:10-cv-05819 EJD
ORDER GRANTING IN PART MOTION TO DISMISS; REMANDING ACTION TO STATE COURT

1 Defendants Equity Capital Real Estate and Maureen Connor is therefore denied without prejudice to
2 it being appropriately renewed in the state court upon remand.

### IV.  ORDER

Based on the foregoing, the Motion to Dismiss by JPMorgan and California Reconveyance Company (Docket Item No. 37) is GRANTED IN PART.  Tabula's claims under TILA and RESPA are DISMISSED WITHOUT LEAVE TO AMEND.  The Motion to Dismiss by Defendants Equity Capital Real Estate and Maureen Connor (Docket Item No. 41) is DENIED WITHOUT PREJUDICE.

The court declines supplemental jurisdiction over the remaining state law claims and hereby REMANDS this action to the Superior Court of the State of California, County of Santa Clara.[2]  The Clerk shall close this file upon completion of remand.

**IT IS SO ORDERED.**

Dated:  October 26, 2011



EDWARD J. DAVILA
United States District Judge

---

[2] This court did not consider the Request for Judicial Notice (Docket Item No. 38) in reaching this decision.